and the first case is Terrell James v. John Jay College. We'll hear from the appellant. Good morning, Your Honors. Your Honors, we believe that this court should review this case to determine whether or not there was an abuse of discretion by the court below. And what basis was this case dismissed, can you tell me? Well, we cite Minette v. Time Warner. What did the district court say was the basis for the dismissal? Well, the court dismissed the second amended complaint. Yes. On what basis? The court dismissed the second amended complaint because... What was the basis? What is the statute that the court alluded to when it dismissed this complaint? The court did not cite a statute. The court dismissed the second amended complaint based upon the fact that we, as the plaintiffs, had failed to timely respond to instructions given by the court and several extensions for filing either a response to defendant's motion to dismiss a failure to state a cause of action or in the alternative to amend the complaint. Now, our contention, Your Honor, is that this was a harsh remedy in dismissing not only the second amended complaint but also the first amended complaint because the first amended complaint was timely filed, was served upon defendants, defendants had an opportunity to respond to that, and so the defendants could not have been prejudiced with respect to the first amended complaint. The first amended complaint, in fact, we believe was meritorious. And even though the court below had the discretion to dismiss the second amended complaint based upon the fact that my office had all of these problems with ECS. Did you know the basis that the defendants moved to dismiss this complaint? On what basis did they move to dismiss? Well, defendants moved to dismiss based upon failure to state a claim. So that's 12B1 and 12B6, correct? That's correct. Go on. But that was only with respect to the second amended, the first amended complaint. But one of the features of 12B1 and 12B6 is that we take as true all the well-pled allegations. Is that not correct? That is correct. And did the district court do that? But, Your Honor, we, in fact, maintain that if we look at the first amended complaint, that complaint was, in fact, meritorious. Did the district court analyze the complaint? No, and that is the position that we've taken. The district court failed to examine the first amended complaint to see whether or not it had set forth any claims that were meritorious. And so that is what we maintain was, in fact, an abuse of discretion. The court should have looked at that amended complaint. Now, defendants take the position that even looking at the first amended complaint, that that first amended complaint was defective. We believe that if we look at the first amended complaint, which lays out a Title VII claim against CUNY and a Section 1983 claim against individual employees of CUNY, that sufficient facts were pled in order to overcome their motion for dismissal, for failure to state a claim. But the district court did not engage in that analysis. Is that correct? The district court never reached that particular assessment, nor did the district court even review the first amended complaint in order to make a determination whether or not that complaint was meritorious. Based on the memo endorsement, it appears that the district court dismissed this for failure, in this case, to file the second amended complaint by the date granted by the district court. Correct. Is that correct? Correct. That's correct. All right. Your time has expired. You have two minutes for rebuttal. We'll hear from the government. Thank you. Good morning. I'm David Mark III, an Assistant Solicitor General, on behalf of Defendants Appellees. And on what basis did the district court dismiss this complaint? The district court dismissed it essentially as a sanction for failure to file the second amended complaint, or papers opposing. So that's a very harsh sanction. Ordinarily, we wouldn't go immediately to dismissal. It looks like, since your motion was based on 12b-1 and 12b-6, that she dismissed it on those grounds. Well, it appears that, although she said that she was granting the motion to dismiss, the dismissal was more so as a sanction for failure to file the second amended complaint. But you didn't ask for that. You asked for it to be dismissed for failure to state a claim. Isn't that true? Yes. We had done that before. And when you make such a motion, don't we take as true all the well-plaid allegations in the complaint? Yes, Your Honor. Isn't the plaintiff entitled to an analysis of the complaint to see if there was any meritorious claim? I have two answers to that, Your Honor. The answer is no. The plaintiff is not entitled to that word. The dismissal was a sanction for failure to comply with a court order. And second, even if this is something that the district court could or should have done, that is an analysis that this court can perform just as easily. It's a thin record. It's plainly just issues of law for analysis as to whether it's stated a claim. Ordinarily, we wouldn't analyze a complaint in the first instance. We would remand it to the district court to do that analysis, which perhaps should have been done on this case. I submit that it was not a necessary word. The dismissal was as a sanction for failure to comply with a court order. I know, but a sanction seems like an extremely harsh remedy for the filing of a complaint and an inability to manage our filing system. I think the judge was annoyed that there were so many efforts to file that went awry. But still, this is a very harsh sanction. This is dismissal of the entire case without ever turning to the merits. It is a severe sanction, Your Honor. But given the plaintiff's repeated failing files throughout the case, capped off by the plaintiff's disregard of the court's order to file papers opposing the motion to dismiss or to file a second medical complaint by the deadline given by the court, which the court in fact extended once, the sanction was not an abuse of discretion in these circumstances. Remind me what the district court instructed your adversary to do. The district court instructed the adversary, the plaintiff, to file either a second medical complaint or papers opposing the motion to dismiss the amended complaint by a deadline. It was originally, I believe, a November 3rd deadline. It was subsequently extended. And his option? Yes, Your Honor. But neither was done in this case. Not certainly by the deadline. But failure to file a response to a motion dismiss does not make the complaint automatically dismissible. It still has to be analyzed for whether it states a claim. Because that was the motion, failure to state a claim. And the district court never did that, did it? No, Your Honor. And our motion to dismiss was made before the plaintiff's failure to comply with the court order. We did not ask for the sanction for failure to comply with the court order. It was the court that did it because the court believed that it had to uphold its orders. But your motion was to dismiss for failure to state a claim, wasn't it? Yes, Your Honor. And so that, doesn't that trigger the court's responsibility to analyze whether a claim was stated? The court certainly could have done so, but it was not necessary to do so where the dismissal was as a sanction. The court could have simply dismissed based on 41B without even mentioning dismissal of the complaint. Could have simply said the action is dismissed because of the failure to comply with the court order. And that's effectively what the court did. It doesn't seem like the motion to dismiss, the Grosvenor motion to dismiss were the fundamental basis for the dismissal. You never asked for the 41B dismissal. You asked for 12B1 and 12B6. Isn't that true? Yes, Your Honor. And at the time that we had... This was a sua sponte decision on the part of the district court. Yes, Your Honor. And under the case law, it's proper for a court to invoke 41B and to comply 41B sua sponte. Right, depending on how bad the behavior was. And the behavior here was failure to file an objection to the motion to dismiss. But that still triggers the district court's responsibility, doesn't it, to analyze the complaint? Again, Your Honor, I don't believe that the district court has that obligation where the dismissal is as a sanction. But as I said, this also is something that this court can analyze itself whether the complaint states a claim. But if the case were made in the district court, it could perform that analysis, too. I just don't think it's a necessary step here. Okay. Continue if you have anything else to add. No, Your Honor. I think our brief sets forth in detail all the grounds on which the medical complaint fails to state a claim. I don't believe it's even a closed question in this case. You don't think it's a harsh sanction? It's a severe sanction but appropriate under the circumstances where the plaintiff simply flouted a court order and did nothing in response to a court order. Okay. Thank you, counsel. Thank you, Your Honor. Mr. Hines, you have two minutes for rebuttal. Yes, Your Honor. Mr. Hines, you had an opportunity, did you not, to respond to your adversary's motion? You had an opportunity. The court, as I understand the record, and correct me if I'm wrong, gave you the opportunity to either file an amended complaint or respond to the motion. Is that right? Correct. And you elected not to respond to the motion but to file a complaint, correct? No. That was not a position that we have taken. We didn't elect not to respond. We gave you the option of doing one or the other. Yes. Which did you choose? Yes, Your Honor. She gave us an opportunity and we failed to ---- Which option did you choose of the two she gave you? She said you can file a motion, you can file responding papers to the motion, or you can amend the complaint. Yes. Which did you choose is my question. We chose to amend the complaint. You chose to amend the complaint. We chose to. You decided to forego the option of responding to the motion. Is that right? That's correct. So we chose to amend the complaint and then there was the problem where we called the judge's chambers and were told that she was on vacation and that she would deal with our application for an extension of time to file our amended complaint. In the meantime ---- She gave you an opportunity. She gave you an opportunity. That's precisely correct. But what happened ---- There was a new deadline and she told you to look at the, to confer with the electronic filing. Correct. Correct. And my office had problems ---- Filing. Dealing with the electronic filing system, and so therefore we called the court for an extension. What you got? Well, she, the office told us that she would be on vacation, she would deal with it later. But what happened in the interim, she in fact granted our application. We did not, we never received an email to that effect. And when we contacted the court, the court then imposed a sanction. That's because you didn't check the docket online. Is that correct? That's correct. But our contention, Your Honor, is that the court was within her discretion to dismiss the second amended complaint. We are not complaining about that. But what was before the court was the first amended complaint which was timely filed, which was timely sued. And she dismissed that also. We believe that that was in error. Thank you. Your time has expired. Thank you both. We'll reserve decision. Thank you. And we will take a short break to have the full panel join us. Thank you. When I said short, I meant short.